UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | CASE NO. 18-40820-BTR-11 |
| | § | |
| **BOOTIQUE TRENDS, INC.** | § | Chapter 11 |
| | § | |
| **DEBTOR** | § | |

ORDER CONFIRMING PLAN OF REORGANIZATION
AND FINALLY APPROVING DISCLOSURE STATEMENT

On this date, came on to be heard the First Amended Combined Plan of Reorganization and Disclosure Statement (Docket No. 94, and together with the Plan Modifications [defined below], the "**Combined Plan and Disclosure Statement**") filed by Bootique Trends, Inc. (the "**Debtor**"). After adequate notice, in consideration of the evidence presented at the hearing thereon and the record in this proceeding, the Court finds and concludes:

1. **Exclusive Jurisdiction; Venue; Core Proceeding** (28 U.S.C. §§ 157(b)(2), 1334(a)). The Court has jurisdiction over the Chapter 11 Case[1] pursuant to sections 157 and 1334 of title 28 of the United States Code. Venue is proper pursuant to sections 1408 and 1409 of title 28 of the United States Code. Confirmation of the Combined Plan and Disclosure Statement is a core proceeding pursuant to section 157(b)(2)(L) of title 28 of the United States Code, and this Court has exclusive jurisdiction to determine whether the Combined Plan and Disclosure Statement complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

2. **Commencement of the Chapter 11 Case**. On the Petition Date, the above-captioned Debtor commenced its case under chapter 11 of the Bankruptcy Code. The Debtor has operated its

---

[1] Unless otherwise noted, capitalized terms herein shall have the meaning ascribed to them in the Plan.

**ORDER CONFIRMING PLAN OF REORGANIZATION AND FINALLY APPROVING DISCLOSURE STATEMENT– PAGE 1**

businesses and managed its properties as Debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 Case.

3. **Judicial Notice**. The Court takes judicial notice of the docket of the Chapter 11 Case maintained by the Clerk of the Court, including, without limitation, all pleadings and other documents filed and orders entered thereon. The Court also takes judicial notice of all evidence proffered or adduced and all arguments made at the hearings held before the Court during the pendency of this Chapter 11 Case.

4. **Burden of Proof**. The Debtor has the burden of proving the elements of section 1129 of the Bankruptcy Code by a preponderance of the evidence, and it has met that burden as further found and determined herein.

5. **Notice; Transmittal and Mailing of Materials**.

(a) Due, adequate and sufficient notice of the Combined Plan and Disclosure Statement and the Confirmation Hearing, has been given to all known holders of Claims and Interests, and no other or further notice is or shall be required;

(b) The Combined Plan and Disclosure Statement was transmitted and served in compliance with the orders of this Court and the Bankruptcy Rules, and such transmittal and service were adequate and sufficient, and no further notice is or shall be required;

(c) Adequate and sufficient notice of the Confirmation Hearing and deadlines have been given in compliance with the Bankruptcy Rules and orders of this Court, and no other or further notice is or shall be required; and

(d) The filing with the Court and service of the Combined Plan and Disclosure Statement and the disclosure of any further modifications on the record of the Confirmation Hearing, constitute due and sufficient notice of same.

6. **Voting**. Votes on the plan were solicited after disclosure of "adequate information" as defined in Sections 1122 and 1123 of the Bankruptcy Code. As evidenced by the Ballots presented at the Confirmation Hearing, votes have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code and Bankruptcy Rules.

7. **Plan Modifications** (11 U.S.C. § 1127). The Debtor made certain modifications (the "Plan Modifications") to the Combined Plan and Disclosure Statement at the Confirmation Hearing and as follows:

a. On the Effective Date, the Debtor will pay, or cause to be paid, the amount of $19,334.48 to Crawford Electric Supply Company, Inc. in full and final satisfaction of the Allowed Secured Class 4 Claim of Crawford Electric Supply Company, Inc. and Crawford Electric Supply Company, Inc. will execute a release of any liens against the real and personal property reflected in the Affidavit for Mechanic's and Materialmen's Lien recorded in the Real Property Records of Dallas County as Document No. 201700350499.

b. The Debtor will pay the cure payment of $22,902 to CormackHill LP in three equal installments beginning on the Effective Date and continuing on the same day of each of the following two months in connection with Debtor's assumption of the real property located at 8100 Melrose Avenue, Los Angeles, California;

c. With respect to the Claims of Dallas County, Dallas County is the holder of a prepetition claim for year 2017 and 2018 ad valorem business personal property taxes and an administrative expense claim for year 2019 ad valorem business personal property taxes. Dallas County shall receive equal monthly payments commencing on the first day of the first month in which the Distribution Date falls over a term of months calculated to pay its claim in full no later than the fifth anniversary of the Petition Date. Dallas County shall receive

interest from the Petition Date through the Effective Date and from the Effective Date through payment in full at the state statutory rate of 12% pursuant to 11 U.S.C. Sections 506(b), 511 and 1129.  Notwithstanding any other provision in the Plan or the Confirmation Order, Dallas County shall retain the liens that secure all amounts ultimately owed for tax years 2017 through 2019 along with the state law senior priority of those liens.  In the event Dallas County's claim is disputed, it shall receive plan payments and apply them to the undisputed amount of the claim until the claim objection is resolved.  In the event the Debtor intends to surrender assets against which Dallas County holds liens, the Debtor/Reorganized Debtor shall provide Dallas County with ten days' notice of such surrender.  In the event of a default under the Plan, counsel for Dallas County shall provide notice of default to counsel for the Debtor/Reorganized Debtor via facsimile.  The Debtor/Reorganized Debtor shall have 14 days from the date of the notice to cure the default.  In the event the Debtor/Reorganized Debtor fails to cure the default, Dallas County shall be entitled to pursue collection of all amounts owed pursuant to state law outside of the Bankruptcy Court without further notice. The Debtor/Reorganized Debtor shall only be entitled to two notices of default.  Upon a third event of default, Dallas County shall be entitled to pursue collection of all amounts owed pursuant to state law outside of the Bankruptcy Court without further notice to the Debtor. Failure to timely pay postpetition taxes prior to the state law delinquency date shall constitute an event of default under the Plan solely with regard to Dallas County.  Dallas County shall receive payment of all amounts ultimately owed for tax year 2019 prior to the state law delinquency date. Dallas County's administrative expense claim is not discharged; and

      d.     The Debtor will execute the 2018 Amendment of Lease attached hereto as Exhibit 1 as a condition of assuming the lease of the real property referenced therein.

None of the Plan Modifications adversely affects the treatment of any Claim against or Interest in the Debtor under the Combined Plan and Disclosure Statement so as to render them impaired or to require solicitation of votes. The Combined Plan and Disclosure Statement (which includes the Plan Modifications other than those set forth in (a) – (c) above has been filed with the Court under Docket No. 104.

8. **Acceptance of Plan as Modified**. In accordance with section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, all holders of Claims that have accepted the Combined Plan and Disclosure Statement are deemed to have accepted the Combined Plan and Disclosure Statement as modified by the Plan Modifications.

9. **Plan Compliance with Bankruptcy Code** (11 U.S.C. § 1129(a)(1)). The Combined Plan and Disclosure Statement complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

10. **Proper Classification** (11 U.S.C. §§ 1122 and 1123(a)(1)). The Claims and Interests placed in each Class are substantially similar to other Claims or Interests, as the case may be, in each such Class. Valid business, factual and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Combined Plan and Disclosure Statement, the classifications were not done for any improper purpose and such Classes do not unfairly discriminate between or among holders of Claims or Interests. The Combined Plan and Disclosure Statement therefore satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

11. **Specification of Impaired and Unimpaired Classes** (11 U.S.C. § 1123(a)(2)). The Combined Plan and Disclosure Statement specifies which classes of Claims and Interests are impaired or unimpaired, and the Combined Plan and Disclosure Statement specifies treatment of all

of these Classes of Claims and Interests under the Combined Plan and Disclosure Statement, thereby satisfying Section 1123(a)(3) of the Bankruptcy Code.

12.  **No Discrimination** (11 U.S.C. § 1123(a)(4)). The Combined Plan and Disclosure Statement provides for the same treatment by the Debtor for each Claim or Interest in each respective Class, unless the holder of a Claim or Interest has agreed to a less favorable treatment, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

13.  **Implementation of Plan** (11 U.S.C. § 1123(a)(5)). The Combined Plan and Disclosure Statement and the various documents and agreements described in the Combined Plan and Disclosure Statement provide adequate and proper means for the Combined Plan and Disclosure Statemen's implementation, thereby satisfying section 1123(a)(5) of the Bankruptcy Code.

14.  **Nonvoting Equity Securities** (11 U.S.C. § 1123(a)(6)). The Plan Modifications included a provision which satisfied 11 U.S.C. § 1123(a)(6).

15.  **Designation of Directors and Officers** (11 U.S.C. § 1123(a)(7)). The Combined Plan and Disclosure Statement contains provisions with respect to the management of the Debtor that are consistent with the interests of creditors, equity security holders and public policy in accordance with Section 1123(a)(7) of the Bankruptcy Code.

16.  **Additional Plan Provisions** (11 U.S.C. § 1123(b)(6)). The Combined Plan and Disclosure Statemen's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code.

17.  **Bankruptcy Rule 3016(a)**. The Combined Plan and Disclosure Statement reflects the date it was filed with the Court and identifies the entity submitting it as a Combined Plan and Disclosure Statement proponent, thereby satisfying Bankruptcy Rule 3016(a).

18.    **Compliance with Bankruptcy Code** (11 U.S.C. § 1129(a)(2)). The Debtor, as the proponents of the Combined Plan and Disclosure Statement, have complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code. Specifically, inter alia:

(a)    The Debtor is a proper debtor under section 109(d) of the Bankruptcy Code;

(b)    The Debtor has complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by order of the Court; and

(c)    The Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules orders of this Court in transmitting the Combined Plan and Disclosure Statement and related documents.

19.    **Plan Proposed in Good Faith** (11 U.S.C. § 1129(a)(3)). The Debtor has proposed the Combined Plan and Disclosure Statement in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. The Debtor' good faith is evident from the facts and records of the Chapter 11 Case, and other proceedings held in the Chapter 11 Case. The Combined Plan and Disclosure Statement was proposed with the legitimate and honest purpose of maximizing the value of the Debtor's estate.

20.    **Payments for Services or Costs and Expenses** (11 U.S.C. § 1129(a)(4)). Subject to the provisions of the Combined Plan and Disclosure Statement, any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with the Chapter 11 Case, or in connection with the Combined Plan and Disclosure Statement and incident to the Chapter 11 Case, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

21. **Directors, Managers, Officers and Insiders** (11 U.S.C. § 1129(a)(5)). The Debtor has complied with section 1129(a)(5) of the Bankruptcy Code. The identity and affiliations of the persons proposed to serve as officers, managers, or members of the board of directors were disclosed, and the appointment to, or continuance in, such positions of such persons is consistent with the interests of holders of Claims against, and Interests in, the Debtor and with public policy. The Debtor has further disclosed that (a) the existing boards of directors or board of managers or equivalent bodies of the Debtor shall continue to serve in its current capacities after the Effective Date and (b) the principal officers of each Debtor immediately prior to the Effective Date will be the officers of the Reorganized Debtor as of the Effective Date.

22. **Domestic Support Obligations**. (11 U.S.C. § 1129(a)(14)). Section 1129(a)(14) does not apply to this case.

23. **No Rate Changes** (11 U.S.C. § 1129(a)(6)). This section does not apply to the Combined Plan and Disclosure Statement.

24. **Best Interests of Creditors** (11 U.S.C. § 1129(a)(7)). The Combined Plan and Disclosure Statement satisfies section 1129(a)(7) of the Bankruptcy Code. All holders of classified Claims and Interests accepted the Combined Plan and Disclosure Statement or will receive or retain under the Combined Plan and Disclosure Statement, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date.

25. **Acceptance by Certain Classes** (11 U.S.C. § 1129(a)(8)). The Combined Plan and Disclosure Statement satisfies section 1129(a)(8) of the Bankruptcy Code. Classes 1, 3, 4, and 6 voted to accept the Combined Plan and Disclosure Statement. All other classes of Claims either (i) voted to or are deemed to reject the Combined Plan and Disclosure Statement, or (ii) failed to vote to

accept the Combined Plan and Disclosure Statement, and will collectively be referred to herein as the "**Non-Accepting Classes**." Although Section 1129(a)(8) of the Bankruptcy Code has not been satisfied with respect to the Non-Accepting Classes, the Combined Plan and Disclosure Statement is confirmable because the Combined Plan and Disclosure Statement does not discriminate unfairly and is fair and equitable with respect to the Non-Accepting Classes and thus satisfies Section 1129(b) of the Bankruptcy Code with respect to each Non-Accepting Class.

26. **Treatment of Administrative, Priority Tax and Priority Non-Tax Claims** (11 U.S.C. § 1129(a)(9)). The treatment of Administrative Claims and Priority Claims satisfies the requirements of sections 1129(a)(9)(A) and (B) of the Bankruptcy Code, and the treatment of Priority Tax Claims satisfies the requirements of section 1129(a)(9)(C) of the Bankruptcy Code.

27. **Acceptance by Impaired Classes** (11 U.S.C. § 1129(a)(10)). At least one impaired class has accepted the Combined Plan and Disclosure Statement, without including the acceptances of any creditor within such class that is an insider. As such, 1129(a)(10) of the Bankruptcy Code is satisfied.

28. **Feasibility** (11 U.S.C. § 1129(a)(11)). The evidence submitted regarding feasibility through the testimony of Larry Matney was persuasive and credible, and has not been controverted by other evidence, thus satisfying the requirements of section 1129(a)(11) of the Bankruptcy Code.

29. **Payment of Fees** (11 U.S.C. § 1129(a)(12)). As provided in the Combined Plan and Disclosure Statement, all fees payable pursuant to section 1930(a) of title 28 of the United States Code, as determined by the Court, have been paid or shall be paid for each quarter (including any fraction thereof) until the case is converted, dismissed or closed, whichever occurs first, thus satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

30. **Continuation of Retiree Benefits** (11 U.S.C. § 1129(a)(13)). This section does not apply to the Combined Plan and Disclosure Statement.

31. **Only One Plan** (11 U.S.C. § 1129(c)). The Combined Plan and Disclosure Statement is the only plan of reorganization confirmed in the Chapter 11 Case. Accordingly, section 1129(c) of the Bankruptcy Code is satisfied.

32. **Principal Purpose of the Plan** (11 U.S.C. § 1129(d)). The principal purpose of the Combined Plan and Disclosure Statement, as evidenced by its terms, is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act.

33. **Good Faith Solicitation**. (11 U.S.C. § 1125(e)). Based on the record before this Court in the Chapter 11 Case, the Debtor, and its attorneys and other representatives have acted in "good faith" within the meaning of Section 1125(e) of the Bankruptcy Code and in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules in connection with all of its respective activities relating to the solicitation of acceptances to the Combined Plan and Disclosure Statement and its participation in the activities described in Section 1125 of the Bankruptcy Code and such parties are entitled to the protections afforded by Section 1125(e) of the Bankruptcy Code.

34. **Satisfaction of Confirmation Requirements**. Based upon the foregoing, the Combined Plan and Disclosure Statement satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

35. **Implementation**. All documents and agreements necessary to implement the Combined Plan and Disclosure Statement, and all other relevant and necessary documents have been negotiated in good faith at arm's length and are in the best interests of the Debtor and the Reorganized Debtor and shall, upon completion of documentation and execution be valid, binding and enforceable documents and agreements not in conflict with any federal or state law.

36. **Transfers by Debtor; Vesting of Assets**. Pursuant to sections 1141(b) and (c) of the Bankruptcy Code, all property of each Debtor shall vest in each respective Reorganized Debtor or its successors or assigns, as the case may be, free and clear of all Liens, charges, Claims, encumbrances and other interests, except as expressly provided in the Combined Plan and Disclosure Statement or this Confirmation Order. Such vesting does not constitute a voidable transfer under the Bankruptcy Code or applicable nonbankruptcy law.

37. **Approval of Compromises and Settlements.** The settlements contained in the Combined Plan and Disclosure Statement are (a) in the best interests of the Debtor, and its Estate, (b) fair, equitable and reasonable, (c) made in good-faith and (d) should be approved by the Bankruptcy Court pursuant to Bankruptcy Rule 9019.

38. All objections to confirmation of the Combined Plan and Disclosure Statement which are not resolved by this Order should be overruled.

39. The Combined Plan and Disclosure Statement complies with the applicable sections of 11 U.S.C. §§ 1122, 1123, 1124, 1125, and 1129.

40. The Debtor's request to confirm the Combined Plan and Disclosure Statement is well-taken and should be granted.

IT IS, THEREFORE

ORDERED that the Combined Plan and Disclosure Statement is confirmed. It is further

ORDERED that the provisions of the Combined Plan and Disclosure Statement bind the Debtor, any entity acquiring property under the Combined Plan and Disclosure Statement, and any creditor, whether or not the claim of such creditor is impaired under the Combined Plan and Disclosure Statement and whether or not such creditor has accepted the Combined Plan and Disclosure Statement. It is further

ORDERED that except as otherwise provided in the Combined Plan and Disclosure Statement, entry of the Confirmation Order shall discharge all existing debts and Claims of any kind, nature or description whatsoever that arose before the Effective Date, and all debts of the kind specified in sections 502(g) or 502(i) of the Bankruptcy Code, whether or not (i) a proof of claim based on such debt is filed or deemed filed pursuant to section 501 of the Bankruptcy Code, (ii) a Claim based on such debt is Allowed pursuant to section 502 of the Bankruptcy Code (or is otherwise resolved), or (iii) the holder of a Claim based on such debt has accepted the Combined Plan and Disclosure Statement. This Order shall constitute a judicial determination, as of the Effective Date, of the discharge of all such Claims and other debts and liabilities of the Debtor, pursuant to sections 524 and 1141 of the Bankruptcy Code, and such discharge shall void and extinguish any judgment obtained against the Debtor, at any time, to the extent such judgment is related to a discharged Claim. As of the Effective Date, except as provided in the Combined Plan and Disclosure Statement, all holders of Claims against the Debtor shall be precluded from asserting against the Debtor, as reorganized, or its successors or property, any other or further Claims, debts, rights, causes of action, or liabilities based upon any act, omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date.  It is further

ORDERED that as provided in the Combined Plan and Disclosure Statement, all parties are enjoined from collecting Claims against the Debtor in any manner other than as provided for in the Combined Plan and Disclosure Statement. It is further

ORDERED that in accordance with the Combined Plan and Disclosure Statement, this Court shall retain jurisdiction as set forth in Section 11.1 of the Combined Plan and Disclosure Statement. It is further

ORDERED that the settlements contained in the Combined Plan and Disclosure Statement are approved in accordance with Bankruptcy Rule 9019. It is further

ORDERED that the provisions of the Combined Plan and Disclosure Statement bind the Debtor, any entity acquiring property under the Combined Plan and Disclosure Statement, and any holder of a Claim or Interest in the Debtor whether or not such Holder (a) will receive or retain any property or interest in property under the Combined Plan and Disclosure Statement, (b) has filed a Proof of Claim or equity Interest in this Chapter 11 Case, or failed to vote to accept or reject this Combined Plan and Disclosure Statement or voted (or is deemed to have voted) to reject the Combined Plan and Disclosure Statement. It is further

ORDERED that the Combined Plan and Disclosure Statement is finally approved as a disclosure statement.

ORDERED that this Order is a final order and the period in which an appeal must be filed shall commence upon entry hereof by the Clerk on the dockets of this Chapter 11 Case.

Signed on 2/21/2019

AGREED AS TO FORM AND SUBSTANCE:

*Brenda T. Rhoades* SR
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE

/s/ James H. Billingsley
James H. Billingsley
Polsinelli PC
2950 N. Harwood
Suite 2100
Dallas, TX 75201
214-661-5541
214-853-9199 (fax)
email: billingsley@polsinelli.com

ATTORNEY FOR NORTHPARK
PARTNERS LP

/s/ John J. Kane
John J. Kane
Kane Russell Coleman & Logan PC
1601 Elm St. Suite 3700
Dallas, TX 75201
214-777-4200
214-777-4299 (fax)
email: jkane@krcl.com

ATTORNEY FOR CALZATURIFICIO
BALDAN 88 S.R.L.

/s/ David J. Kozlowski
David J. Kozlowski
Morrison Cohen LLP
909 Third Ave.
New York, NY 10022-4784
212-735-8600
212-735-8708 (fax)
email: dkozlowski@morrisoncohen.com

ATTORNEY FOR CORMACK HILL, LP

/s/ Rosa R. Orenstein
Rosa R. Orenstein
Orenstein Law Group
1910 PACIFIC AVE
Suite 8040
DALLAS, TX, TX 75201
(214) 757-9101
(972) 764-8110 (fax)
email: rosa@orenstein-lg.com

ATTORNEY FOR LESLIE'S CLOSET

/s/ Howard Marc Spector
Howard Marc Spector
12770 Coit Road, Ste. 1100
Dallas, TX 75251
(214) 365-5377
(214) 237-3380 (fax)
email: hmspector@spectorjohnson.com

ATTORNEY FOR THE DEBTOR

/s/ Laurie A. Spindler
Laurie A. Spindler
Linebarger, Goggan, Blair & Sampson
2777 N. Stemmons Frwy Ste 1000
Dallas, TX 75207
214-880-0089
469-221-5003 (fax)
email: laurie.spindler@lgbs.com

ATTORNEY FOR DALLAS COUNTY

/s/ Russell Mills
Russell W. Mills
Bell Nunnally & Martin
2323 Ross Ave.
Suite 1900
Dallas, TX 75201
(214) 740-1431
email: rmills@bellnunnally.com

ATTORNEY FOR CRAWFORD
ELECTRIC SUPPLY COMPANY, INC

## 2019 AMENDMENT OF LEASE
### (Gregorys)

THIS 2019 AMENDMENT OF LEASE (this "Amendment") is made and entered into between NORTHPARK PARTNERS, LP, a Delaware limited partnership ("Landlord"), and BOOTIQUE TRENDS, INC., a Texas corporation ("Tenant").

### W I T N E S S E T H:

WHEREAS, Landlord, as lessor, and TX Gregory's LV, LLC, a Texas limited liability company ("Original Tenant"), as lessee, heretofore entered into that certain Shopping Center Lease dated September 23, 2008, as amended by the 2010 Amendment of Lease dated February 3, 2010 between Landlord and Original Tenant and by the 2015 Amendment of Lease dated February 6, 2016 between Landlord and Original Tenant (the "Lease"), under which Landlord leased to Tenant approximately 5,325 square feet (the "Original Premises"), known as Space C1-615, located on the first level of the enclosed pedestrian mall at NorthPark Center, Dallas, Texas as more specifically described in the Lease; and

WHEREAS, Original Tenant assigned all of its right, title and interest in and to the Lease to Tenant pursuant to the Assignment and Assumption of Lease dated on or about February 6, 2016; and

WHEREAS, Landlord and Tenant subsequently entered into a 2015 Second Amendment of Lease dated as of February 6, 2016; and

WHEREAS, by letter dated July 6, 2016 from Landlord to Tenant, Landlord exercised its right pursuant to Section 1.1(i) of the Lease to relocate Tenant to different premises containing approximately 4,116 square feet (the "Relocation Premises"), known as Space R1-1424, located on the first level of the enclosed pedestrian mall at NorthPark Center, as more specifically described in the 2015 Second Amendment of Lease; and

WHEREAS, Landlord and Tenant subsequently entered into a letter agreement dated June 26, 2017 extending the Relocation Target Date and the Vacate Date (as such terms are defined in Section 1.1(i) of the Lease); and

WHEREAS, after Tenant opened for business in the Relocation Premises, Tenant filed a bankruptcy case under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Texas, Case No. 18-40820 (the "Bankruptcy Case");

WHEREAS, Tenant has filed a plan of reorganization in the Bankruptcy Case (the "Plan") in which Tenant proposes to assume the Lease as modified by this Amendment;

WHEREAS, Landlord and Tenant desire to amend the Lease as hereinafter set forth to facilitate the assumption of the Lease by Tenant in the Bankruptcy Case;

NOW, THEREFORE, for and in consideration of the premises and the mutual promises and covenants hereinafter set forth, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1.  All defined terms used herein shall have the same meaning as in the Lease, except as herein otherwise expressly provided. This Amendment shall be effective as of the date of execution as inserted on the signature page of this Amendment, except as otherwise expressly provided in this Amendment.

2.  Section 1.1(k) of the Lease is hereby amended to read in its entirety as follows:

    "(k)   Lease term:   The term of this lease shall commence on the date of this lease and end (unless sooner terminated as hereinafter provided) on February 29, 2020 (the "Expiration Date")."

3.  Section 1.1(m) of the Lease is hereby amended by adding thereto the following provisions:

    "Notwithstanding anything to the contrary set forth above in this Section 1.1(m), it is agreed that beginning January 1, 2019 (the "Rent Change Date"), Minimum Guaranteed Rental will be in the amount of $30,000 per month, payable by Tenant to Landlord in equal monthly installments as provided in Section 4.2."

4.  Notwithstanding anything contained in the Lease to the contrary, it is agreed that Percentage Rental under Section 4.3 of the Lease, the charge for Tenant's proportionate share of Operating Costs under Section 6.2 of the Lease, the HVAC charge under Section 6.3 of the Lease, the charge for Tenant's proportionate share of Tax Costs pursuant to Section 16.2 of the Lease, and the dues and assessments payable to the NorthPark Merchants Association pursuant to Section 21.1 of the Lease are all waived for the period from the Rent Change Date through the Expiration Date, and such charges shall not be payable by Tenant during such period. It is agreed that Minimum Guaranteed Rental under Section 4.2 of the Lease, the charge for trash disposal under Section 7.4 of the Lease, and the charges for water and sewer utilities furnished to the Demised Premises pursuant to Section 10.2 of the Lease shall all continue to be due and payable by Tenant following the Rent Change Date through the Expiration Date.

5. It is acknowledged that $140,000 of the Cash Portion of the Relocation Allowance (as such terms are defined in Section 1.1(z) of the Lease) remains to be paid by Landlord to Tenant. Such amount will be paid to Tenant within ten (10) days after Tenant delivers to Landlord signed originals of releases, executed by the lien claimants or as otherwise provided in the Plan, in recordable form satisfactory to Landlord, for the mechanics and materialman's lien affidavits previously filed in connection with the New Tenant's Work in the Relocation Premises that are identified on Exhibit 1 to this Amendment.

6. Each party agrees to indemnify the other party to this Amendment and to hold such other party harmless from and against any loss, cost, claim, demand or liability for leasing or brokerage commissions alleged to be due as a result of the authorization of the indemnifying party.

7. This Amendment, together with the Lease, as amended hereby, constitute the entire agreement among the parties hereto with respect to the subject matter hereof, and all prior letters of intent, understandings and agreements, either oral or written, are merged into, and superseded by, this Amendment, together with the Lease, as amended hereby. This Amendment shall not be modified except by written instrument duly executed by the parties against whom the modification is sought to be enforced.

8. The Lease, as amended hereby, is in all respects ratified and confirmed, and shall continue in full force and effect, as amended hereby; provided, however, that nothing in this Amendment shall be deemed a waiver or release of any unperformed, non-monetary obligations of the lessee under the Lease.

9. This Amendment may be executed in multiple counterparts delivered by facsimile or electronic transmission by the executing party, and the delivery by a party by facsimile or electronic transmission of the signature page hereof bearing the execution of such party shall be deemed binding against such party for all purposes to the same extent as the delivery of an original of this Amendment executed by such party.

[Signature page follows]

3

67067326.2

EXECUTED this _____ day of _____, 2019.

        BOOTIQUE TRENDS, INC., a
        Texas corporation

        By: _____
        Title: _____

        **TENANT**

        NORTHPARK PARTNERS, LP,
        a Delaware limited partnership

        By:    NorthPark GP, LLC, a Delaware limited
                  liability company, its General Partner

        By: _____
        Title: President

        **LANDLORD**

4

## NORTHPARK CENTER
## 2019 AMENDMENT OF LEASE

## EXHIBIT 1

## MECHANICS AND MATERIALMEN'S LIEN AFFIDAVITS

1. Affidavit for Mechanic's and Materialman's Lien recorded in the Official Real Property Records of Dallas County as Document No. 201800137871 in favor of SimplexGrinnell LLP.

2. Lien Affidavit recorded in the Official Real Property Records of Dallas County as Document No. 201800202099 in favor of A-1 Metalworks, LLC; and

3. Affidavit for Mechanic's and Materialman's Lien recorded in the Official Real Property Records of Dallas County as Document No. 201700350499 in favor of Crawford Electric Supply Company, Inc.